# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **Shawn Willis,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | CASE NO. _____ |
| ) | |
| **RAYTHEON COMPANY, A FOREIGN** ) | |
| **PROFIT CORPORATION,** ) | |
| ) | |
|     **Defendant.** ) | |
| _____ ) | |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Shawn Willis, Plaintiff herein, files this Complaint against RAYTHEON COMPANY, Defendant herein, and alleges:

### PARTIES

1. Plaintiff Shawn Willis, an individual, resides in Harris County, Texas.

2. Defendant, Raytheon Company, a Foreign Profit Corporation, has a principal place of business at 870 Winter Street, Waltham, Massachusetts, 02451 and a registered agent address of 1200 S. Pine Island Road, Plantation in Broward County, Florida.

### JURISDICTION

3. The action arises under 42 U.S.C. Section 2000e and Section 760 of the Florida Statutes as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e-2(a) et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Plaintiff was hired by Defendant Raytheon Company on or about June 24, 2014 as a Senior Human Resources Developer.

8. Plaintiff, a male, had been falsely accused of making offensive statements to a female colleague, along with several other males he worked closely with, and violating policies of the workplace.

9. The accuser, a female, had only been transferred to the Plaintiff's unit about eight months prior to the allegations she made against Plaintiff, due to issues she had with the Command Staff at her previous designated camp.

10. Almost immediately after the allegations had been made Plaintiff suffered a hostile work environment in his employment with Defendant.

11. After an investigation, the allegations against Plaintiff were deemed unfounded, however, Plaintiff was terminated by Defendant.

12. Plaintiff performed at an exceptional level, void of any complaints regarding his conduct or performance, prior to the unsubstantiated allegations.

13. Plaintiff along with other former employees, vehemently denied the accusations.

14. Defendant Raytheon Company, (hereinafter referred to as "Defendant") failed and refused to take appropriate remedial action after the investigation concluded and instead of addressing the harmful and divisive affects that the unfounded and insidious allegations had on the Plaintiff, the Defendant terminated his employment.

15. As a direct and proximate result of the actions by Defendant, Plaintiff suffered pain and suffering.

**COUNT ONE**
**SEXUAL DISCRIMINATION BY RAYTHEON COMPANY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E (TITLE VII) AND FLORIDA CIVIL RIGHTS ACT**

16. Plaintiff adopts by reference, as if set out fully and completely in this

Count, the following statements of this Complaint: Paragraphs 1 through 15.

17.  Defendant intentionally engaged in unlawful employment practices involving Plaintiff because he is a male.

18.  Defendant intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect him status because of Plaintiff's sex in violation of 42 U.S.C. Section 2000e-2(a).

17.  Defendant intentionally classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to female employees similarly situated in violation of 42 U.S.C. Section 2000e-2(a).

18.  Defendant discriminated against Plaintiff based on his sex, as described above, in violation of him rights under 42 U.S.C. Section 2000e-2(a).  Defendant, knew or should have known of the unjust and discriminatory treatment, yet failed to take prompt remedial action.

**WHEREFORE**, Plaintiff demands judgment against Defendant for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

### COUNT TWO
### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E (TITLE VII) AND FLORIDA CIVIL RIGHTS ACT AGAINST RAYTHEON COMPANY

19.  Plaintiff adopts by reference, as if set out fully and completely in this

Count, the following statements of this Complaint: Paragraphs 1 through 15.

20. Plaintiff alleges that Defendant, instituted a campaign of retaliation, which included Plaintiff, almost immediately after the false accusations targeting Plaintiff were made and Defendant had notice of the unfounded nature of the allegations.

21. The Defendant employer retaliated by allowing current and former employees and representatives of the Defendant to marginalize and belittle Plaintiff before former employee's termination. Defendant's representatives addressed and handled Plaintiff like a criminal, escorting him from his living quarters and prohibiting him from returning for several days. Furthermore, Defendant failed to provide adequate details around the initiation of the investigation against him.

22. The acts alleged in this Complaint constitute a violation of Section 760.10(7), Florida Statutes, "it is an unlawful employment practice for an employer to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted in any manner in an investigation, proceeding or hearing under this section." This retaliation was and is due to Plaintiff exercising Plaintiff's rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

**WHEREFORE**, Plaintiff demands judgment against Defendant for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT THREE
### RESPONDEAT SUPERIOR AND RATIFICATION

23. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 15.

22. Plaintiff was subjected to a hostile work environment in his employment with Defendant and unequal treatment as a result of an unfounded investigation launched against him.

23. The hostility toward Plaintiff consisted of the following: performing an unprecedented welfare health inspection that targeted only the wrongfully accused former employees, including Plaintiff, and failed to include; not only the former employee whose false allegations launched the investigation, but any other employees outside of those who were affiliated with the Plaintiff.

24. Defendant relied on the biased positions of Major Walters and Mr. David Woods, questionable allegations and motives of the female accuser, and terminated Plaintiff's employment based on their baseless opinions and on the uncorroborated statements of translators who had no first-hand knowledge of the behaviors, conduct or actions of the Plaintiff and the alleged outside of hearsay statements.

25. Plaintiff has exhausted him administrative remedies prior to bringing this action. Plaintiff has complied with all conditions precedent prior to bringing this action.

**WHEREFORE**, Plaintiff demands judgment against Defendant for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT FOUR
## LOSS OF EARNING CAPACITY

26. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 15.

27. Defendants terminated Plaintiff prematurely and without justifiable reason and have disclosed sensitive personnel information regarding Plaintiff in an effort to tarnish his stellar record of employment with Defendant.

28. Defendant failed to take any action to repair the tarnished image the salacious allegations caused to Plaintiff's reputation and retaliated against Mr. Dunn, by terminating his employment less than one month after the conclusion of an investigation that garnered no evidence of wrongdoing by Plaintiff.

29. Plaintiff suffers as a result of the wrongful termination, as he attempts to acquire new employment in his field based on his qualifications.

**WHEREFORE,** Plaintiff demands judgment against Defendants for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## DEMAND ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action, and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to, inter alia, *Section 760.021* of the Florida Statutes and *Section*

DocuSign Envelope ID: DB2C515B-BE0F-4FEA-8C96-018E6452C793
Case 6:19-cv-01351-CEM-TBS   Document 1   Filed 07/23/19   Page 8 of 9 PageID 8

*706(k)* of Title VII of the Civil Rights Act of 1964.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further requests this Court accept jurisdiction over this matter; demands judgment against Defendant for general damages; award Plaintiff for his past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant to award Plaintiff attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper, in law or in equity, to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the persons listed below.

Kevin D. Zwetsch
Attorney for Defendant
100 N Tampa St Ste 3600
Tampa, FL 33602-5867
kevin.zwetsch@ogletreedeakins.com

    Respectfully submitted,

    ALLEN & DAWSON, PLLC.
    189 S. Orange Avenue, Suite 1530-B
    Orlando, Florida  32801
    Telephone: (407) 986-2092
    E-Mail: rasheed@allen-dawson.com

Secondary E-Mail: shonta@allen-dawson.com

DocuSigned by:

*Rasheed Karim Allen*

6FFC32FB9F47417...

Rasheed Karim Allen
Attorney for Plaintiff
Florida Bar Number: 88525

9